Scire facias proceeding against Sunny Davis and others upon a forfeited bail bond. From a judgment on the forfeited bond, defendants appeal. Appeal dismissed.

Alvin M. Owsley, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. This appeal is from a forfeited bond judgment. The record is before us without briefs being filed either in this court or in the trial court as required by law. The rule has been laid down uniformly that appeals from judgments on forfeited bail bonds will be dismissed where no briefs, as required by Rule No. 102 of the District and County Courts (142 S. W. xxiv), and Rule 29 of the Civil Courts of Appeals (142 S. W. xii), have been filed in the court below nor in the Court of Criminal Appeals. Frost v. State, 57 S. W. 669; Heiman v. State, 70 Tex. Cr. R. 480, 158 S. W. 276; Thetford v. State, 74 Tex. Cr. R. 649, 169 S. W. 1153. Statement of facts and briefs for appeal are governed by the same rules that apply to civil cases. Emmons v. State, 34 Tex. Cr. R. 98, 29 S. W. 474, 475; Blain v. State, 34 Tex. Cr. R. 417, 31 S. W. 366; Jay v. State, 34 Tex. Cr. R. 98, 29 S. W. 472; Morse v. State, 39 Tex. Cr. R. 566, 47 S. W. 645, 50 S. W. 342. This is also covered by articles 497 and 962 of the Code of Criminal Procedure. Article 962 reads as follows:

"In the cases provided for in the two preceding articles, the proceedings shall be regulated by the same rules that govern the other civil actions where an appeal is taken or a writ of error issued out."

To the same effect is article 497.

There being no brief in the case and nothing to show that a brief has been filed in the trial court as required by law, the judgment will be dismissed for want of jurisdiction in this court.

---

## WATSON v. STATE.　(No. 6018.)

(Court of Criminal Appeals of Texas.　Dec. 16, 1920.)

Criminal law ⬾1122(4)—In absence of showing refusal of charge was erroneous, court must hold no error presented.

Where the special charge which was refused defendant prosecuted for murder related to a matter of testimony, and the Court of Criminal Appeals is not informed of facts to show it was error to refuse such charge, the court is compelled to hold that the refusal presents nothing justifying reversal.

Appeal from Criminal District Court, Dallas County; Robt. B. Seay, Judge.

Jerome Watson was convicted of murder, and he appeals. Affirmed.

Alvin M. Owsley, Asst. Atty. Gen., for the State.

LATTIMORE, J. Appellant was convicted in the criminal district court of Dallas county of the offense of murder, and his punishment fixed at ten years in the penitentiary.

The record is before us without any statement of facts or bills of exceptions. We have examined the charge of the court and conclude that it substantially presents the law of the case. There appears one special charge which was refused, but, as it relates to a matter of testimony, and we are not informed therein of sufficient facts to show that it was error to refuse it, we would be compelled to hold that such refusal presents nothing justifying reversal. There appearing no error in the record which would require a reversal of the case, its affirmance is ordered.